■ In the Matter of the Claim of Pasquale Carbone, Appellant, v. City of New Rochelle, Respondent. Workmen's Compensation Board, Respondent.— Reynolds, J. Appeal by the claimant from a decision of the Workmen's Compensation Board denying him benefits on the grounds that claimant did not

sustain an accidental injury arising out of and in the course of employment. On December 24, 1956, claimant, a street sweeper for the City of New Rochelle, suddenly experienced severe pain in his left leg while engaged in his employment activities. Claimant thereafter left work and on arriving home observed that his left foot was black and blue. A diagnosis of gangrene was made and eventually a mid-thigh amputation was necessary to prevent its progressive effects. Claimant asserts that the gangrene resulted from the aggravation of a previous arterial insufficiency due to his exposure to cold and dampness on December 24 and thus his disability is compensable. In contravention of claimant's contention there was adduced considerable medical testimony that claimant's loss of limb was attributable solely to a continuing problem of arteriosclerosis and arterial insufficiency. Of course the resolution of conflicting medical opinion is within the sole province of the board as the arbiter of factual disputes (*Matter of Carrasquillo* v. *Santini Bros.,* 13 N Y 2d 245; *Matter of Palermo* v. *Gallucci & Sons,* 5 N Y 2d 529). Claimant asserts, however, that the testimony of the impartial specialist against causal relationship should be stricken because it was based on unsworn statements, which were contradictory to claimant's sworn testimony, elicited from the claimant by the impartial specialist at the time of his examination of the claimant. We cannot agree. There appears to us no sound reason why an impartial specialist cannot take a history from the claimant in connection with his physical examination. If statements in such history are at variance with claimant's contentions or with his recollection of what transpired he could, of course, explain his statements or refute that he had in fact made them. At most this would present a question of credibility for the board. However, in the instant case even if we were to agree with appellant's contention concerning the testimony of the impartial specialist there is still sufficient probative medical evidence denying causal relationship to support the board's determination. Decision affirmed, without costs. Gibson, P. J., Herlihy, Aulisi and Hamm, JJ., concur.